JUSTICE GARCIA delivered the supplemental opinion of the court on denial of petition for rehearing: In its petition for rehearing, which Omni adopted, the PTAB first contends rehearing should be granted “because the appraisers agreed the income approach best measured Omni’s market value.” Our opinion does not challenge any “agreement” that might have been reached regarding the “best approach.” We are aware that in virtually every case involving appraisals of market value of real property a decision must be made as to which of the three approaches utilized by the appraisers best reflects true market value. Our opinion does nothing to remove that decision from appraisers. Our opinion simply holds that a single approach appraisal is inadequate as a matter of law to warrant a “best approach” decision except when there is “no evidence of an actual or a potential market for the subject property.” Kendall County, 337 Ill. App. 3d at 741. The PTAB makes no argument that the Omni property satisfied that test here. In its second argument for rehearing, the PTAB expresses concern that based on our opinion “appraisers [must] now fully develop a sales comparison analysis regardless of its probative value.” The PTAB makes much of its claim that our opinion imposes an “analysis that would not provide meaningful results.” In support of its claim, the PTAB quotes the Uniform Standards of Professional Appraisal Practice: “If a ‘specific requirement’ of valuation ‘addresses analysis that would not provide meaningful results in the given assignment,’ it is not required.” The very same section of the Uniform Standards of Professional Appraisal Practice that the PTAB quotes provides, “A specific requirement is not applicable when *** it addresses analysis that is not typical practice in such an assignment.” (Emphasis added.) Our opinion simply takes notice that the “typical practice” based on our case law is to include the sales comparison approach in assessing market value of real property; to exclude it is the exception. See United Airlines, 348 Ill. App. 3d at 572 (“[t]he sales comparison approach *** is the preferred method”). An appraiser must justify an appraisal that excludes the sales comparison approach with more than unsupported conclusions that “adjustments in [the cost approach] would be too subjective” and “[h]e [could] not employ the sales comparison approach because there [were] no sales of properties similar to the subject property.” 384 Ill. App. 3d at 474. Three appraisers testified before the PTAB. The BOR’s appraiser determined that the Omni property was subject to all three approaches to market value. Omni’s rebuttal expert witness testified that an appraisal not employing the sales comparison approach regarding the Omni property would present a “critical problem.” Only the principal appraiser for Omni submitted an appraisal that relied exclusively on the income approach. The appraiser did so without any showing that either of the other two approaches would provide results that were not “meaningful.” Nor did this appraiser acknowledge, much less address, the disavowal by his fellow expert witness on behalf of Omni of an appraisal that excluded the sales comparison approach. Appraisers are free to interpret their governing standards. Our opinion simply holds that case law and the Administrative Code governing the procedure before the PTAB require a showing be made before a single approach appraisal, which excludes the sales comparison approach, can be relied upon as the “best evidence of market value.” We also note, absent from the PTAB’s petition for rehearing is any argument that the appraisal submitted by Omni and accepted and adopted by the PTAB utilizing a single approach was warranted because the other two approaches would not have provided “meaningful results in the given assignment.” Of course, that argument was foreclosed to the PTAB by Omni’s own expert witness presented in rebuttal. To be clear, our opinion does not alter the governing standards for appraisers. Our opinion only reinforces the legislative mandate that the PTAB’s “decision *** be based upon equity and the weight of evidence.” 35 ILCS 200/16 — 185 (West Supp. 1993). Finally, the PTAB contends that our opinion somehow “removes discretion from the Board to weigh expert opinions on market value, contrary to legislative intent.” Once again, the PTAB misreads our opinion. The dispositive issue before us is a matter of law. Our opinion is grounded on case law from our supreme court and decisions of this court, now one of first review, and the practice procedure in the Administrative Code that the PTAB is bound to follow. Our holding is straightforward and clear: absent a showing that a single approach appraisal is warranted because the subject property is properly characterized as special use property such that there is no evidence of market data before the PTAB, the taxpayer’s burden of going forward to challenge the assessment finalized by the BOR has not been met as a matter of law by a single approach appraisal that excludes the sales comparison approach. The PTAB’s petition for rehearing is denied. CAHILL, PJ., and WOLFSON, J., concur.